## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 29, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CARRIE LUCKEL,**
**Claimant Below, Petitioner**

**vs.)    No.  15-1108** (BOR Appeal No. 2050662)
(Claim No. 2015025033)

**SPA ROMA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carrie Luckel, by Christopher J. Wallace, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spa Roma, Inc., by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 28, 2015, in which the Board affirmed the July 21, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 15, 2015, denial of compensability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Luckel, a master hair stylist, alleged she developed bilateral carpal tunnel syndrome as the result of her work activities at Spa Roma, Inc. Ms. Luckel specialized in doing hair extensions, which she testified required significant squeezing, pulling, and pinching with substantial force. Ms. Luckel added about 400 pieces of hair with every procedure. She estimated adding a set of extensions required about 1200 repetitive motions. Removing the extensions required her to use a tool that resembled heavy-duty pliers. It also required about 2400 repetitive motions. Ms. Luckel originally noticed problems with both upper extremities after working as a hairstylist for Spa Roma, Inc., for about four years. She was treated by a physician who told her she was developing carpal tunnel syndrome and that she needed to wear braces on both wrists.

1

Ms. Luckel started wearing the braces intermittently and continued to do so over the years. However, as of February of 2014, she was wearing them all of the time.

Ms. Luckel went to see Joseph Prudhomme, M.D., on December 10, 2014. Dr. Prudhomme diagnosed bilateral carpal tunnel syndrome and recommended surgery. Ms. Luckel underwent endoscopic bilateral carpal tunnel releases on February 10, 2015. She had an excellent result with her right wrist. There was a significant complication with her left wrist as the tendon was avulsed during the surgery. This was revealed during an open carpal tunnel surgery on February 12, 2015.

Following the second surgery, Ms. Luckel started treating with Donald L. Hoffman, M.D. He completed the physician portion of the first report of injury on April 10, 2015. He diagnosed carpal tunnel syndrome with surgical complication. He opined the carpal tunnel syndrome was work-related. The claims administrator denied compensability on April 15, 2015. Ms. Luckel wrote a letter to the claims administrator protesting the denial on April 30, 2015. In the letter, she stated that Dr. Prudhomme told her the carpal tunnel syndrome was work-related. However, he did not complete an employee's and physician's report of injury. Therefore, there was no medical opinion from him regarding causation.

The Office of Judges found Ms. Luckel's testimony during her expedited hearing to be credible, leaving little doubt that she used her hands on a regular basis in activities which could be described as placing them in awkward positions with significant grip force. It found that her work activities could be associated with a repetitive activity. However, the Office of Judges also found that hair stylist was not listed in the West Virginia Code of State Rules §85-20-41.5 (2006) as being an occupation in which Ms. Luckel would be exposed to hazards of carpal tunnel syndrome. Therefore, it determined Ms. Luckel should have presented a strong medical case in support of her position. However, it then determined Ms. Luckel had failed to do so. The Office of Judges specifically pointed to the fact that Dr. Prudhomme did not render an opinion as to the etiology of the condition. Dr. Hoffman did not address the issue when he initially treated her and only addressed it in the employee's and physician's report of injury in which he stated the left hand condition was work-related. The Office of Judges determined the medical evidence available to it was insufficient to establish a causal relationship between Ms. Luckel's work and her condition. Therefore, it affirmed the claim administrator's denial of compensability in its July 21, 2015, Order.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Office of Judges Order on October 28, 2015. It noted that the owner of Spa Roma, Inc., requested the claim be held compensable but that the workers' compensation insurance carrier had the sole authority to act on the employer's behalf. The Board of Review also noted the list of occupations at high risk for the development of carpal tunnel listed in West Virginia. Code of State Rules §85-20-41.5 is not an exclusive list. However, the Board of Review concluded that Ms. Luckel had not established a causal connection between the carpal tunnel syndrome and her occupation.

After review we agree with the reasoning and conclusions of the Board of Review. Ms. Luckel worked as a hair stylist, performing repetitive activities. Dr. Hoffman opined that she developed carpal tunnel syndrome due to her occupation but he limited the condition to her left hand. Dr. Prudhomme's records are silent regarding the etiology of the bilateral carpal tunnel syndrome. Neither physician discussed the confounding conditions that cause carpal tunnel syndrome. Neither physician discussed the work activities that would contribute to carpal tunnel syndrome. Ms. Luckel failed to establish the work-relatedness of her carpal tunnel syndrome.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 29, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING**:
Justice Margaret L. Workman